ADAM G. GASNER (SBN 201234)
Law Chambers Building
345 Franklin Street
San Francisco, CA  94102
Telephone:      415-782-6000
Facsimile:      415-782-6011
E-Mail:         adam@gasnerlaw.com

Attorneys for Defendant
FERNANDO VIERA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>FERNANDO VIERA,<br><br>                    Defendant. | No. 3:22-cr-00325-WHO<br><br><br>FERNANDO VIERA'S SENTENCING MEMORANDUM<br><br><br>Date:  June 1, 2023<br>Time: 1:30 p.m.<br><br>HON. WILLIAM H. ORRICK |

*GASNER CRIMINAL LAW*
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102

1

## I.   INTRODUCTION

Defendant FERNANDO VIERA ("Mr. Viera"), a 28-year-old Honduran, born into grinding poverty, in the U.S. lacking legal status, comes before the Court for sentencing after having pled guilty, per Rule 1 l(c)(l)(A) and l l(c)(l)(B) of the Federal Rules of Criminal Procedure, to Count One of the Information (Dkt. 62): Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 846, 841(a)(1),(b)(1)(C).

1. The defense requests the Court adopt the factual recitations in the presentence investigation report ("PSR")  (Dkt. 77).

2. The instant conviction carries no mandatory minimum sentence.

3. Before departures or variances, the defense requests the Court find the following, in accord with the plea agreement and PSR:

   a. Total offense level:            23

   b. Criminal history category:      III

   c. Guideline range:                57-71 mos.

   d. Supervised release range:       3 years

   e. Maximum fine:                   $20,000-1,000,000 (Waived)

   f. Community Restitution:          Not Recommended per U.S. Probation

   g. Special Assessment:             $100.00

4. The defense requests the Court impose a sentence at variance with the guidelines range for reasons that follow.

5. The defense submits that no departures apply in the instant case.

6. The defense requests the Court impose **37 months** confinement with Bureau of Prisons (BOP).

GASNER CRIMINAL LAW
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102

*USA v. Fernando Viera*
No. 3:22-cr-00325-WHO
Sentencing Memorandum

GASNER CRIMINAL LAW
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102

7.  The defense requests a variance for the following reasons related to the history and

characteristics of the defendant:

      a.  Minor criminal history and a non-violent offender;

      b.  Pre-sentence remorse;

      c.  Acceptance of responsibility;

      d.  Consideration of the long-term hellish socio-political environment in

          Mr. Viera's home country of Honduras caused in large part by U.S.

          economic exploitation and military intervention, promoting right wing

          oppression and gang violence.

8.  The defense requests the Court waive restitution.

Accordingly, the defense requests that the Court, for the compelling reasons below, exercise

its discretion and impose a downward variance, from the guidelines, and sentence Mr. Viera to **37

months BOP custody.**

## II.  SENTENCING

As the Court is aware, the advent of *U.S. v. Booker*, 125 U.S. 738 (2005) restored the Court

with the power to sentence as it sees fit within the statutory framework of 18 U.S.C. § 3553(a). The

restoration of this power gives the Court proper discretion to impose a sentence "sufficient but not

greater than necessary" to achieve the purpose of sentencing set forth in 18 U.S.C. §3553(a)(2)

after considering the following:

(1) The nature and circumstances of the offense and the history and characteristics of the

defendant [§3553(a)(1)];

(2) The need for the sentence imposed:

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to

provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical

care, or other correctional treatment in the most effective manner [§3553(a)(2)];

(3) The kinds of sentences available [§3553(a)(3)];

(4) The advisory – but non-mandatory – Sentencing Guidelines [§3553(a)(4) and (a)(5)];

(5) The need to avoid unwarranted sentencing disparity among defendants with similar

records and similar conduct [§3553(a)(6)]; and

(6) The need to provide restitution to any victim of the offense [§3553(a)(7)].

In this case, the Court must choose the sufficient but not greater than necessary to fulfill the

purposes of sentencing based on a consideration of all §3553(a) factors. *Kimbrough v. U.S.,* 128

S.Ct. 558, 570 (2007).

Accordingly, the defense submits that a sentence of **37** months in BOP custody is sufficient but

not greater than necessary to fulfill the purpose of sentencing.  (*See* argument, *Infra.*)

**A.  THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY
AND CHARACTERISTICS OF THE DEFENDANT [§3553(a)(1)]**

**The Nature and Circumstances of the Offense**:

The plea agreement and PSR accurately describe Mr. Viera's offense behavior. Dkt. 77, ¶ 2;

PSR, Part A, ¶¶ 5-23.  From approximately, April of 2021 to his arrest on October 14, 2022, Mr.

Viera acted as a mid-level drug supplier to his 3 codefendants, Edgardo Aguilar-Cruz, Nelson

Castaneda, and Nolan Ramos, who dealt the drugs at street level, predominantly in San Francisco's

Tenderloin neighborhood.

After a tip-off from a confidential informant, Mr. Viera's small drug trafficking

4

organization (DTO)[1], composed of himself and his 3 codefendants, came to the attention of Drug

Enforcement Agency (DEA) agents involved in investigations of Bay Area DTOs. After the tip-off,

a DEA undercover agent (UC) purchased Fentanyl from codefendant Aguilar-Cruz in the

Tenderloin neighborhood. Aguilar-Cruz provided the UC with Aguilar-Cruz's phone number.

Phone records indicated that Aguilar-Cruz and Mr. Viera maintained frequent contact. The

subsequent court-ordered wiretap of Aguilar-Cruz's phone revealed Aguilar-Cruz's drug purchases

from Bay Area suppliers, including Mr. Viera. Consequently, the DEA investigation broadened to

include revelations of drug transactions associated with Mr. Viera's other codefendant's -

Castaneda, and Ramos.

Eventually, on April 19, 2021, agents conducting surveillance, intercepted a call from

Aguilar-Cruz to Mr. Viera and followed Aguilar-Cruz to Mr. Viera's home in Oakland where,

agents presumed, either a drug pickup or payoff took place. Subsequent intercepted phone

communications and surveillance operations between Mr. Viera and his codefenants confirmed for

agents that the three were actively involved in drug and money transactions.

The DEA investigation and surveillance of Viera, Castaneda, and Ramos continued over the

summer of 2021 into the fall. The codefendants ordered drugs from Mr. Viera which Mr. Viera

would in turn supply and the codefendants would sell the drugs on the streets of San Francisco. In

June of 2021, SFPD officers responding to a shooting on Larkin Street near O'Farrel, arrested

Castaneda who at the time possessed a gun, a knife/machete, and a large amount of narcotics. On

June 30, 2021, an SFPD undercover officer solicited a meth buy from Ramos on Eddy near Polk

Street. After attempting an escape, Ramos was placed under arrest. Dkt. 1 ¶¶ 49-58.

Finally, on October 14, 2021, agents executed a search warrant on Mr. Viera's residence in

---

[1] Mr. Viera had relatives previously charged in *U.S.A. v. Viera-Chirinos*, No. 19-0367 CRB, involving a bay area drug
trafficking organization.

5

GASNER CRIMINAL LAW
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102

Oakland  where they found approximately 34 grams of methamphetamine, almost 157 grams of cocaine base, and almost 78 grams of heroin. Agents placed Mr. Viera under arrest. Notably, the search yielded no weapons.

**The history and characteristics of the defendant:**

Given the relative comfort and food security we enjoy as U.S. citizens, it is hard to imagine the decision Mr. Viera struggled with in making the harrowing trip from Tegucigalpa, Honduras across the U.S. border to eke a livelihood.

As noted in the PSR, Mr. Viera was raised in poverty with 6 siblings. His father worked fields as a farmer harvesting corn. Although his father wanted Mr. Viera to remain in school, Mr. Viera left school in the 5th grade to work with his father in the fields out of necessity to help provide the family with food. During Mr. Viera's childhood, the family was without water and electricity. PSR ¶ 55.

Such conditions are unfathomable to most Americans; however, the recent pandemic lock-down and its attendant food shortages and rising prices in grocery stores were to some of us, grim harbingers of previously unthinkable privation conditions. The disparity between Mr. Viera's experience as a child in Honduras and the hint of privation some Americans recently experienced is drastic but it renders Mr. Viera's immigration experience relatable.

In 2014, Mr. Viera attempted to cross the Mexican border into the U.S. but was apprehended by border guards and sent back to Honduras. However, the next year, he made it across the border and resided for a time in Georgia and Louisiana before settling in Oakland, California. PSR ¶ 58.

Mr. Viera consistently maintains contact with his family in Honduras. His parents know of his incarceration but are unaware of the nature of his conviction. Mr. Viera also has a 4-year-old

*USA v. Fernando Viera*
No. 3:22-cr-00325-WHO
Sentencing Memorandum

GASNER CRIMINAL LAW
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102

daughter who lives with her mother in Los Angeles. Because of Mr. Viera's conviction, the mother wishes to exclude Mr. Viera from contact with his daughter. PSR ¶ 60. Mr. Viera's wish is to return to Honduras and reunite with his family.

Mr. Viera's criminal history is unremarkable given his activities as a drug dealer. From 2015 to his arrest in 2021, Mr. Viera engaged in drug sales, first as a street dealer, and later as a mid-lever drug supplier. PSR ¶¶ 46-52.  He did not engage in violent behavior, was never armed, and according to the complaint's probable cause statement, he fronted drugs to his codefendants pending future repayment after the drugs were sold. Such is not the behavior of a ruthless dealer. Dkt. 1, ¶¶ 23 and 24.

The foregoing is not meant to excuse Mr. Viera's crimes. The defense wishes only to highlight mitigation  that Mr. Viera was not a violent drug kingpin concerned with enriching himself.

**NEED FOR THE SENTENCE IMPOSED -- [§3553(a)(2) FACTORS]**

> **1.   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense:**

Mr.  Viera expressed to the U.S Probation officer remorse for his offense behavior: "I feel very badly for committing these crimes because I know my actions fueled the addictions of others and caused them harm. This behavior hurt those that used the drugs I sold and also affected my family and my children because I am not with them and I can't help them financially or emotionally." PSR ¶ 26. Accordingly, given Mr. Viera's acceptance of responsibility for the offense conduct, justice would be served by a sentence in accord with the defense's request.

//

//

//

GASNER CRIMINAL LAW
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102

**2.    to afford adequate deterrence to criminal conduct:**

A sentence of **37** months BOP confinement for Mr. Viera's non-violent crimes will deter him from reoffending and also sends a strong message that drug crimes are serious and will result in multi-year prison sentences.

**3.    to protect the public from further crimes of the defendant:**

Mr. Viera is on a positive path to rehabilitation. He is focused on taking care of himself while in custody and finally returning to his family in Honduras.

**C.   THE ADVISORY – BUT NON-MANDATORY – SENTENCING GUIDELINES [§3553(a)(4) AND (a)(5)]**

Consistent with *Booker*, the sentencing guidelines are discretionary. Accordingly, the Court may craft a sentence "sufficient but not greater than necessary" to achieve a just sentence in harmony with 18 U.S.C.§3553(a)(2).

The defense, on behalf of Mr. Viera, implores the Court to impose a just downward variance to reach a below-guidelines sentence of **37** months confinement with BOP for the following reasons:

1.    Mr. Viera's history and characteristics (*see* argument *supra*);

2.    Mr. Viera is a non-violent offender; and

3.    Mr. Viera's pre-sentence remorse;

4.    Mr. Viera's age (26 at time of the offense);

5.    Lack of youthful guidance;

6.    Issues with criminal history – the criminal history of four points is overstated as Mr. Viera was assigned one point for a misdemanor accessory after the fact and one point for a drug possession conviction. Without these two points, or even without

8

GASNER CRIMINAL LAW
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102

one of those points, Mr. Viera would be in Criminal History Category II, which would yield an advisory guideline range of 51-63 months.

7.   Sentencing equity in that his codefendant, Edgardo Jose Aguilar-Cruz, received a sentence of **37** months BOP custody.

For the foregoing reasons, the defense requests a sentence below the Guidelines Range in accord with the defense recommendation.

## IV.   CONCLUSION:

The defense recommendation serves to reflect the seriousness of the offense; afford adequate deterrence; effectively protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training; therefore, it is respectfully urged that the Court sentence Mr. Viera to the defense recommendation and all attendant conditions the Court deems appropriate.

Dated: May 25, 2023

                                        */s/ Adam G. Gasner*
                                        ADAM G. GASNER
                                        Attorney for Defendant
                                        FERNANDO VIERA

GASNER CRIMINAL LAW
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102

9